**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4252**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY NEAL WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Danville.   Jackson L. Kiser, Senior
District Judge.  (4:06-cr-00021-jlk)

Submitted:  October 22, 2007       Decided:  November 13, 2007

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry Gott, Danville, Virginia, for Appellant.  John L. Brownlee,
United States Attorney, Jean B. Hudson, Assistant United States
Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Wright appeals the district court's judgment entered pursuant to his guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g) (2000) and 924(e) (West 2000 and Supp. 2007). Prior to Wright's sentencing, the probation office prepared a presentence investigation report, which classified Wright as an armed career criminal pursuant to 18 U.S.C. § 924(e), based on his four prior breaking and entering convictions.

On appeal, Wright raises two alleged errors. First, he contends the application of the Armed Career Criminal Act to the facts in his case violated his Eighth Amendment protections against cruel and unusual punishment. Second, Wright alleges the district court erred in failing to determine whether his breaking and entering convictions qualified as burglaries within the meaning of 18 U.S.C. § 924(e)(2) and were thus predicate offenses for purposes of application of the armed career criminal enhancement.

Title 18, section 924(e) of the United States Code provides for a fifteen year mandatory minimum sentence for an individual who has previously been convicted in any court of a crime punishable by imprisonment of a year or more, who possesses a firearm, and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C.A. §§ 922(g) and 924(e). On appeal, Wright argues that the § 924(e) enhancement he received

violated the Eighth Amendment because his predicate convictions occurred fifteen years prior to the current offense when he was eighteen years old and because "he does not fit the profile of a recidivist as he had not been at liberty between the qualifying felonies" to demonstrate he was a changed man. Wright's first argument is without merit.

The plain language of § 924(e) does not require an intervening arrest or period of incarceration to impose the fifteen year enhanced penalty but imposes the penalty on anyone who has committed three predicate offenses "on occasions different from one another." 18 U.S.C. § 924(e). This court has already determined that predicate offenses occur on "occasions different from one another" if each prior conviction arises out of a separate and distinct criminal episode. See United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). There is no dispute that these requirements are met in this case. Finally, to the extent that Wright raises a general Eighth Amendment challenge to § 924(e), this court has already determined that § 924(e) is neither disproportionate to the offense punished nor cruel and unusual punishment and thus, does not violate the Eighth Amendment. See United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995); United States v. Etheridge, 932 F.2d 318, 323 (4th Cir. 1991); United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989).

Wright also avers the Government failed to establish that his prior breaking and entering convictions met the definition of burglary as used in § 924(e) and therefore did not qualify as predicate "violent felonies" under § 924(e).  As Wright failed to maintain this claim in the court below,* his argument on appeal is reviewed for plain error.  Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  Plain error review requires the defendant to establish that:  (1) there was error; (2) the error was "plain;" and (3) the error affected the defendant's substantial rights.  <u>Olano</u>, 507 U.S. at 732.  Even if the defendant makes this required showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  <u>Id</u>. (quoting <u>United States v. Young</u>, 470 U.S. 1, 15 (1985)(internal quotations omitted)).

Wright's failure to timely object to the classification of his prior offenses as violent felonies is fatal to his claim.  Contrary to Wright's contention, the district court was not

_____

*Although Wright's counsel apparently questioned whether Wright's prior offenses were properly classified by the probation officer in the presentence report as violent felonies, this issue was not pursued at sentencing. Accordingly, because the matter was not pursued in open court when Wright and his counsel were afforded the opportunity to challenge the findings in the presentence report, we deem Wright's objection to the classification of his prior offenses as violent felonies to have been abandoned.

required to delve, sua sponte, into the circumstances surrounding Wright's prior convictions, but rather was entitled to rely on undisputed information in the presentence report that bore "the earmarks of derivation from [Shepard v. United States, 544 U.S. 13 (2005)] approved sources such as the indictments and state-court judgments from [defendant's] prior convictions." See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED